```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JOSEPH M. GARUTI,
    Petitioner,



      v.                                CIVIL ACTION NO.
                                        10-11473-RGS


GARY RODEN,
Superintendent,
    Respondent.
```

**MEMORANDUM AND ORDER RE:**
**MOTION FOR EVIDENTIARY HEARING**
**(DOCKET ENTRY # 15)**

**February 3, 2012**

**BOWLER, U.S.M.J.**

Petitioner Joseph M. Garuti, an inmate at Massachusetts Correctional Institute Norfolk, Massachusetts ("MCI-Norfolk"), moves for an evidentiary hearing in the above styled habeas petition challenging his March 2006 conviction for first degree murder. (Docket Entry # 15). Respondent Gary Roden ("respondent"), Superintendent of MCI-Norfolk, argues that petitioner brought the petition under 28 U.S.C. § 2254(d)(1) ("section 2254(d)(1)") and that the state courts, notably the Massachusetts Supreme Judicial Court ("SJC"), addressed the federal claims on the merits. The decision of <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388 (2011), therefore bars an evidentiary

hearing, according to respondent. (Docket Entry # 17).

## DISCUSSION

Section 2254(d) sets out two means to attack a state court decision. Subsection 2254(d)(1), the "'law' prong," warrants federal habeas relief "when a state court adjudication resulted in a decision 'that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Brown v. O'Brien, 2012 WL 178378, *2 & n.3 (1st Cir. Jan. 24, 2012) (quoting section 2254(d)(1)). Subsection 2254(d)(2), the "'fact' prong," justifies habeas relief when the state court's adjudication "'resulted in a decision that was based on an unreasonable determination of the facts.'" Id. (quoting section 2254(d)(2)). Under either prong,[1] the record in federal court is limited to the record before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 131 S.Ct. at 1398 ("hold[ing] that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); Brown v. O'Brien, 2012 WL 178378, *2 & n.3 (1st Cir. Jan. 24, 2012) ("[r]eview under the 'fact' prong [section 2254(d)(2)] is limited to "'the record that was before [the]

---

[1] Petitioner challenges the conviction under both subsection 2254(d)(1) and subsection 2254(d)(2).

state court'") (citing Cullen, 131 S.Ct. at 1400). Accordingly, the motion for an evidentiary hearing is devoid of merit.

The record, however, bears further elaboration because respondent fails to address all of the grounds in the petition even though he seeks to dismiss the entire petition. (Docket Entry # 18). Additional elaboration also establishes that the SJC addressed the federal claims on the merits.

The petition raises five ineffective assistance of trial counsel claims. These claims allege ineffective assistance of trial counsel because he: (1) failed to adequately consult with petitioner regarding the case (ground one); (2) failed to properly prepare petitioner to testify at trial (ground two); (3) failed to properly advise petitioner regarding the strategic implications of his decision whether or not to testify at trial (ground three); (4) failed to properly cross examine two Massachusetts State Troopers who interrogated petitioner after the incident regarding critical facts that trial counsel knew or should have known prior to trial (ground four); and (5) failed to provide petitioner with an affidavit to support a motion for a new trial filed by appellate counsel (ground five).

The petition also raises two additional claims. Ground six alleges a denial of petitioner's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to testify at trial because he did not knowingly and intelligently waive his right to

testify. In ground seven, petitioner contends that the Associate Justice of the Massachusetts Superior Court Department (Plymouth County) ("the trial court") violated petitioner's right to due process under the Fourteenth Amendment by denying a motion for an evidentiary hearing. Petitioner filed the evidentiary hearing motion in conjunction with filing a motion for a new trial under Rule 30, Mass. R. Crim. P. The trial court denied the new trial motion on the merits without an evidentiary hearing.

Petitioner timely appealed the denials of the new trial motion and the evidentiary hearing.[2] The SJC consolidated the direct appeal with the appeal of the denials of the new trial and evidentiary hearing motions. In a June 10, 2009 opinion, the SJC affirmed the decision of the trial court and rejected all of the ineffective assistance of trial counsel claims and the claims corresponding to grounds six and seven on the merits. Commonwealth v. Garuti, 907 N.E.2d at 228-233.

The petition does not identify whether it challenges the SJC's adjudication under subsection 2254(d)(1) and/or subsection 2254(d)(2). (Docket Entry # 1). The memorandum in support, however, clarifies that petitioner brings all of the grounds for

---

[2] The trial court's docket fails to reflect the denial of the motion for an evidentiary hearing. (Docket Entry # 9, pp. 8-9); see Commonwealth v. Garuti, 907 N.E.2d 221, 229 n.4 (Mass. 2009). The docket does reflect a notice of appeal for both motions.

4

relief under both subsections.  (Docket Entry # 14).  In particular, the memorandum asserts that ground five violates both subsections 2254(d)(1) and 2254(d)(2).  At the end of each section addressing the remaining grounds for relief, the section states that there was a violation of subsection 2254(d)(1) and an objectively unreasonable determination of the facts under subsection 2254(d)(2).  (Docket Entry # 14).

Respondent's opposition to the petition, however, does not address all of the grounds for relief under both subsections.  (Docket Entry # 18).  First, it does not address ground six.  Second, it addresses subsection 2254(d)(2) primarily in the context of arguing that the SJC's determinations of fact are presumed correct, as stated in 28 U.S.C. § 2254(e)(1), and that this court must therefore defer to the SJC's factual findings.  Respondent does not address the substantive merits of subsection 2254(d)(2) review, i.e., that the SJC's adjudication of each ground for relief was objectively unreasonable in light of the evidence before the court.[3]  See 28 U.S.C. § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 324 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in

---

[3] The memorandum in opposition to the petition does recite the standard of review under subsection 2254(d)(2).  (Docket Entry # 18)

the state-court proceeding") (citing subsection 2254(d)(2)). A merits review of the decision by the state court under subsection 2254(d)(2) is not synonymous with presuming the facts determined by the state court correct under section 2254(e)(1). See id. at 341 ("[i]t was incorrect for the Court of Appeals, when looking at the merits, to merge the independent requirements of §§ 2254(d)(2) and (e)(1) . . . [t]he clear and convincing evidence standard is found in § 2254(e)(1), but that subsection pertains only to state-court determinations of factual issues, rather than decisions").

A supplemental brief is therefore required if respondent wishes to dismiss the grounds in their entirety. The brief should address ground six and whether the SJC's adjudication of the merits of each ground for relief "was based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2).

CONCLUSION

In accordance with the foregoing discussion, the motion for an evidentiary hearing (Docket Entry # 15) is **DENIED**. To the extent respondent seeks to dismiss the petition in its entirety, respondent shall file a supplemental brief as described above on or before March 2, 2012.

                                           /s/   Marianne B. Bowler
                                           **MARIANNE B. BOWLER**

United States Magistrate Judge