UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH M. GARUTI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 10-11473-FDS |
| | ) | |
| GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER ON
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**SAYLOR, J.**

This is a habeas corpus proceeding under 28 U.S.C. § 2254(d). Petitioner Joseph M. Garuti was convicted by a jury in state court of first-degree murder by reason of extreme atrocity or cruelty. The conviction arose out of petitioner's murder of his ex-wife by running over her with his automobile in the presence of his children. He challenges his conviction primarily on the basis of ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments.

Petitioner alleges five grounds as the basis for his ineffective assistance claim: (1) failure to provide adequate consultation with him regarding the case; (2) failure to prepare him properly to testify at trial; (3) failure to advise him properly concerning the strategic implications of his decision about whether or not to testify at trial; (4) failure to cross-examine properly two Massachusetts state troopers who interrogated him after the incident concerning critical facts that trial counsel knew or should have known prior to trial; and (5) failure to provide him with an affidavit to support a motion for a new trial filed by appellate counsel. In addition, petitioner challenges his conviction on the basis of two alleged denials of other constitutional rights:

denial of his right to testify at trial under the Fifth, Sixth, and Fourteenth Amendments because he did not knowingly waive it, and denial of his right to due process under the Fourteenth Amendment because his motion for an evidentiary hearing was denied.

The matter was referred to United States Magistrate Judge Marianne B. Bowler pursuant to 28 U.S.C. § 636(b)(1) for findings and recommendations. On August 24, 2012, the Magistrate Judge issued a Report and Recommendation that recommended that respondent's motion to dismiss be granted and that the petition for a writ of habeas corpus be denied.

Petitioner timely filed an objection to the Report and Recommendation on September 4. He objected to all of the Magistrate Judge's findings, pointing to the facts and reasoning in his prior filings and citing 28 U.S.C. § 2254(d)(1) and (2) as grounds for his objections.

Upon *de novo* review, the Court adopts the Report and Recommendation of the Magistrate Judge.

## I.     The Standard for Habeas Corpus Review

Under 28 U.S.C. § 2254(d), a federal court may not issue a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner invokes both provisions here.

## II.    The Ineffective Assistance of Counsel Claim

Petitioner contends that he did not receive effective assistance of counsel at the trial in violation of the Sixth Amendment, which is made applicable to the states by the Fourteenth

Amendment.  *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984).  Petitioner argues that counsel was ineffective because he (1) failed to provide adequate consultation with him regarding the case; (2) failed to prepare him properly to testify at trial; (3) failed to advise him properly concerning the strategic implications of his decision about whether or not to testify at trial; (4) failed to cross-examine properly two Massachusetts state troopers who interrogated him after the incident concerning critical facts that trial counsel knew or should have known prior to trial; and (5) failed to provide him with an affidavit to support a motion for a new trial filed by appellate counsel.

In support of his claim under § 2254(d)(2), petitioner contends that without an affidavit from his trial counsel or an evidentiary hearing, the Supreme Judicial Court could not have had a legitimate factual basis for drawing conclusions as to the actions of his trial counsel.  The Magistrate Judge correctly pointed out that the SJC had before it the trial transcripts, the affidavit provided by petitioner, and the proposed affidavit that trial counsel refused to sign. (M.R.R. 15).  The Magistrate Judge determined, and this Court agrees, that the SJC's factual findings were not only reasonable, but well-founded in the record.

In support of his claim under § 2254(d)(1), petitioner contends that the SJC's decision was an unreasonable application of *Strickland.*  466 U.S. at 668*.*  In determining that the SJC in fact applied *Strickland* reasonably, the Magistrate Judge pointed to petitioner's own admissions as to the strategy his counsel discussed with him concerning the risks of testifying.  The Magistrate Judge also referred to the trial transcript, which demonstrated that counsel had a firm grasp of the facts of the case and petitioner's side of the story.  The transcript also showed that counsel adequately cross-examined the Commonwealth's witnesses, including the state troopers.

3

Upon *de novo* review, this Court finds that the ineffective assistance of counsel claim is without merit.

### III.     The Testimonial Right Claim

Petitioner contends that he was denied his right to testify at trial in violation of the Fifth, Sixth, and Fourteenth Amendments because he did not knowingly and intelligently waive his right to testify.

In support of his claim under § 2254(d)(2), petitioner again contends that without an affidavit from his trial counsel or an evidentiary hearing, the SJC could not have reasonably determined that his waiver was knowing and intelligent. However, the SJC did have before it the trial transcript, which included a lengthy colloquy between petitioner and the trial court concerning his waiver. During that colloquy, petitioner stated that his waiver was not coerced, induced, or influenced by medication, alcohol, or mental defect. (Dkt. #9 at 1142-46). The SJC also had before it petitioner's own admission that his lawyer had discussed with him the negative strategic implications of his testifying. This Court agrees with the Magistrate Judge that the SJC's determination of the facts on this evidence was reasonable.

With respect to his claim under § 2254(d)(1), clearly established law protects a criminal defendant's fundamental right to testify on his own behalf under the Fifth, Sixth, and Fourteenth Amendments. *Rock v. Arkansas*, 483 U.S. 44, 52-53 & n.10 (1987). The First Circuit has held that if a defendant "was not informed by counsel of his right to testify in his own defense, was not otherwise informed of the right by the court, and would have offered genuinely exculpatory testimony, the failure of counsel to inform [him] of his right to testify would be prejudicial." *Owens v. United States*, 483 F.3d 48, 59-60 (1st Cir. 2007). In this case, however, petitioner

engaged in a lengthy colloquy with the trial court, during which he was not only informed of his right to testify but also specifically confirmed that he "freely discussed" the decision not to testify with his trial counsel. (Dkt. #9 at 1143-44). Furthermore, the trial judge briefly suspended the colloquy to allow petitioner to consult counsel one last time before committing to his waiver. (*Id.* at 1144-45). This Court again agrees with the Magistrate Judge that, in light of these facts, neither the trial court nor the SJC acted contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court.

Upon *de novo* review, this Court finds that petitioner's waiver of his right to testify on his own behalf was knowing and intelligent.

### IV.     The Due Process Claim

Petitioner contends that he was deprived of his right to due process of law in violation of the Fourteenth Amendment because the trial court denied his motion for a new trial without granting him an evidentiary hearing. As a preliminary matter, whether petitioner met the standard under Mass. R. Crim. P. 30(c)(3) to trigger an evidentiary hearing is a matter of state law that is not subject to federal habeas review. Therefore, petitioner's claim is cognizable only if the trial judge's denial of an evidentiary hearing was such an abuse of discretion that it violated the Due Process Clause of the Fourteenth Amendment.

In upholding the denial of the hearing, the Magistrate Judge incorrectly applied the *Lyons v. Brady* test for whether an evidentiary *ruling* violates due process. 666 F.3d 51, 55-56 (1st Cir. 2012). Unfortunately for the petitioner, the application of the correct legal test does not change the ultimate determination that his due process rights were not violated.

With respect to his claim under § 2254(d)(1), because there exists no Supreme Court

precedent directly on point, the petitioner must establish that the SJC's decision upholding the denial of the evidentiary hearing was an objectively unreasonable interpretation of the Due Process Clause of the Fourteenth Amendment. *Williams v. Taylor*, 529 U.S. 362, 408 (U.S. 2000). The First Circuit has indicated that the post-conviction procedures under Mass. R. Crim. P. 30 comport with due process. *See Roberts v. Grigas*, 1995 U.S. App. LEXIS 6004, *5-8 (1st Cir. 1995) (suggesting that Mass. R. Crim. P. 30(b) comports with due process, even as a substitute for direct appeal). The SJC was not objectively unreasonable in determining that the trial court's exercise of the discretion afforded it under Mass. R. Crim. P. 30(c)(3) to deny petitioner an evidentiary hearing was a violation of due process.

With respect to his claim under § 2254(d)(2), the Magistrate Judge correctly described the factual record before the trial court, which included the petitioner's own affidavit of 217 pages and trial counsel's disavowal of the affidavit petitioner proposed for him. Petitioner argues that this record was not "fully developed." However, as described above, neither the trial court nor the SJC were not unreasonable in relying on the record before them; it was constitutionally sufficient to support their determinations. The absence of an evidentiary hearing does not render their reliance on the existing record unreasonable.

Upon *de novo* review, this Court finds that the due process claim is without merit.

**V.     Conclusion**

For the foregoing reasons, upon *de novo* review, petitioner's objections to the Report and Recommendation of the Magistrate Judge are overruled, and the Report and Recommendation is accepted by the Court pursuant to 28 U.S.C. § 636(b)(1). Respondent's Motion to Dismiss is GRANTED, and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is

DENIED.  This matter is accordingly DISMISSED.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated:  November 16, 2012